FILED by MB D.C.

ELECTRONIC

**June 22, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **09-60918-Civ-GOLD/McALILEY**

HEATHER PEARSON, on behalf of herself
and all others similarly situated,

      Plaintiff,

vs.

ATLANTIC YACHT AND SHIP, INC.,
CHARLES E. BIGGIE, and RICK OBEY,

      Defendants.

_____/

## COMPLAINT

Plaintiff, HEATHER PEARSON, (hereinafter referred to as "Plaintiff"), is a former

employee of Defendants, ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE and RICK

OBEY, (hereinafter referred to as "Defendants"), and bring this action on behalf of herself and all

other employees and former employees of Defendants similarly situated to them for compensation

and other relief under the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b).

1.      Plaintiff, HEATHER PEARSON, was a citizen and resident of Boca Raton, Florida

and within the jurisdiction of this Honorable Court.

2.      Defendant, ATLANTIC YACHT AND SHIP, INC., is a Florida Profit Corporation

licensed to do and doing business in the State of Florida, with a principal place of business in Dania

Beach, Broward County, Florida and within the jurisdiction of this Honorable Court.

3.      Defendant, CHARLES E. BIGGIE, is a citizen and resident of Broward County,

Florida and within the jurisdiction of this Honorable Court.

4.      Defendant, RICK OBEY, is a citizen and resident of Broward County, Florida and

within the jurisdiction of this Honorable Court.

5.      Defendant, CHARLES E. BIGGIE, upon information and belief, and at all times material hereto was a principal senior management staff, and/or owner of the company, and/or officer, and/or director of the company, of ATLANTIC YACHT AND SHIP, INC., and determined its payroll and controlled the terms and conditions of Plaintiffs employment.

6.      Defendant, RICK OBEY, upon information and belief, and at all times material hereto was a principal senior management staff, and/or owner of the company, and/or officer, and/or director of the company, of ATLANTIC YACHT AND SHIP, INC., and determined its payroll and controlled the terms and conditions of Plaintiffs employment.

7.      At all times material hereto, Defendants, CHARLES E. BIGGIE and RICK OBEY, were the statutory employers pursuant to 29 U.S.C. § 203(d).

8.      This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of  Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

9.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Defendants are, and at all times pertinent to this Complaint was, engaged in interstate commerce.  At all times pertinent to this Complaint,  Defendants, ATLANTIC YACHT AND SHIP, INC., regularly operated a yacht sales and brokerage business.  Based upon information and belief the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

10.     By reason of the foregoing, Defendants were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and § 3(s) of the Act, 29 U.S.C. § 203 (r) and § 203(s).

11.     The additional persons who may become Plaintiffs in this action are other similarly

situated or hourly and/or salary employees, and/or former employees of the Defendants who are and who were subject to the payroll practices and procedures described in Paragraphs 14 and 15 below and who were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after June, 2006.

12.     At all times pertinent to this Complaint Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiff for those hours.

**COUNT I**

**PLAINTIFF, HEATHER PEARSON,**
**RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS,**
**ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE and RICK OBEY**

Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 12 above.

13.     From November, 2005 through May, 2009, Plaintiff, HEATHER PEARSON, was employed by Defendants, ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE and RICK OBEY. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff herself was engaged in commerce. The work performed by Plaintiff was directly essential to Defendant in affecting interstate commerce, which was directly essential to the business performed by Defendant.

14.     Plaintiff's employment with Defendants provided for compensation on a weekly basis. Plaintiff was not paid half time of her regular rate of pay for all hours worked in excess of forty (40) during a work week.

15.     In the course of employment with Defendants, Plaintiff and all other similarly

situated employees, worked the number of hours required of them but were not paid half-time of their regular rate of pay for all hours worked in excess of forty (40) during a work week.

16.     The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her are in the possession, custody and control of Defendants.

17.     From November, 2005, Plaintiff has been employed as a Administrative Assistant for ATLANTIC YACHT AND SHIP, INC.'S location.

The amount of back overtime due for the relevant time period is as follows:

a.      During the time period of June 22, 2006 through December 31, 2006, Plaintiff worked 41.74 hours of overtime for which she was not paid her overtime premium. During this time period, Plaintiff was paid a salary rate of $17.61 an hour on a weekly basis with an effective half-time hourly rate of $8.81 dollars per hour. Based upon this, Plaintiff is owed her half-time wages of $367.52 (41.74 *OT hours* x $8.81 *half-time rate* = $367.52) in back overtime pay, in addition to the $367.52 in liquidated damages, plus attorney's fees, costs and interest.

b.      During the time period of January 1, 2007 through December 31, 2007, Plaintiff worked 87.14 hours of overtime for which she was not paid her overtime premium. During this time period, Plaintiff was paid a salary rate of $ 19.39 an hour on a weekly basis with an effective half-time hourly rate of $9.70 dollars per hour.  Based upon this, Plaintiff is owed her half-time wages of $844.52 (87.14 *OT hours* x $9.70 *half-time rate* = $844.52) in back overtime pay, in addition to the $844.52 in liquidated damages, plus attorney's fees, costs and interest.

c.      During the time period of January 1, 2008 through December 31, 2008, Plaintiff worked 144.46 hours of overtime for which she was not paid her overtime premium. During this time period, Plaintiff was paid a salary rate of $18.87 an hour on a weekly basis with an effective half-time hourly rate of $9.44 dollars per hour. Based upon this, Plaintiff is owed her half-time wages of $1,363.71 (144.46 *OT hours* x $9.44 *half-time rate* = $1,363.71) in back overtime pay, in addition to the $1,363.71 in liquidated damages, plus attorney's fees, costs and interest.

d.      During the time period of January 1, 2009 through May 15, 2009, Plaintiff worked 61 hours of overtime for which she was not paid her overtime premium.  During this time period, Plaintiff was paid a salary rate of $ 20.67 an hour on a weekly basis with an effective half-time hourly rate of $10.34 dollars per hour.  Based upon this, Plaintiff is owed her half-time wages of $630.53 (61 *OT hours* x $10.34 *half-time rate* = $630.53) in back overtime pay, in addition to the $630.53 in liquidated

damages, plus attorney's fees, costs and interest.

18.    Plaintiff was paid straight time and is entitled to be paid half-time of her regular rate of pay for each hour worked in excess of forty (40) per work week.

19.    By reason of the said intentional, willful and unlawful acts of Defendants, ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE and RICK OBEY, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

20.    As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages in an equal amount to that set forth in Paragraph 8 above.

21.    Plaintiff demands trial by jury.

**WHEREFORE**, for the relative time period for work weeks beginning on or after June, 2006, Plaintiff, HEATHER PEARSON, and those similarly situated demand judgment against Defendants, ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE and RICK OBEY, for the wages and overtime payments due to them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED** this _19_ day of June, 2009.

Respectfully submitted,

CHARLES H. BECHERT, ESQ.
Counsel for Plaintiff
901 East Atlantic Boulevard
Pompano Beach, Florida 33060
Tripchb@aol.com
(954) 941-8363
(954) 941-8337 - FAX

By:_____
        CHARLES H. BECHERT, III, ESQ.
        Florida Bar No. 985971

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

Heather Pearson, on behalf of herself
and all others similarly situated,

      Plaintiff,

vs.

Atlantic Yacht and Ship, Inc.,
Charles E. Biggie, and Rick Obey,

      Defendants.
                    /

## CONSENT TO FILE ACTION

    Heather Pearson    , by and through undersigned counsel and pursuant to

29 U.S.C.A. § 216 (b), the Fair Labor Standards Act, hereby gives his/her consent to become a party

Plaintiff to the subject action.

    DATES THIS  9  day of  June , 2009.

                    Respectfully submitted,

                    By: _____ x

# 09-60918-Civ-GOLD/McALILEY

## CIVIL COVER SHEET

**MB** D.C.

ELECTRONIC

**June 22, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

HEATHER PEARSON, on behalf of herself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Charles H. Bechert, III, Esq., 901 E. Atlantic Blvd., Pompano Bch., Fl 33060. Ph. (954) 941-8363 / Fax (954) 941-8337

### DEFENDANTS

ATLANTIC YACHT AND SHIP, INC., CHARLES E. BIGGIE, and RICK OBEY

County of Residence of First Listed Defendant   Broward County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

Unknown

O9cv60918-ASG/CMM

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page:)

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 U.S.C. § 216(b) unpaid overtime wage claim.

LENGTH OF TRIAL via 3 - 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  6/1/09

**FOR OFFICE USE ONLY**

AMOUNT 350.00   RECEIPT # 546621   IFP